### WOOLF et al. v. REEVES, Judge, et al.
### No. 377.

Circuit Court of Appeals, Eighth Circuit.
May 2, 1933.

William G. Boatright, David L. Sheffrey, and Arthur Miller, all of Kansas City, Mo. (Miller, Gumbiner & Sheffrey and Ringolsky, Boatright & Jacobs, all of Kansas City, Mo., on the brief), for petitioners.

Samuel W. Sawyer, Elliott H. Jones, and Henry A. Bundschu, all of Kansas City, Mo. (Wilson, Bundschu & Bailey, Scarritt, Jones & North, Baker, Botts, Andrews & Wharton, Davis & Davis, and Lathrop, Crane, Reynolds, Sawyer & Mersereau, all of Kansas City, Mo., on the brief), for respondents.

Before STONE and SANBORN, Circuit Judges, and NORDBYE, District Judge.

PER CURIAM.

This is an application for leave to file a petition for a writ of mandamus against the Honorable Albert L. Reeves, Judge of the United States District Court for the Western District of Missouri, and the Honorable Fred S. Hudson, referee in bankruptcy for the Western Division of the Western District of Missouri, at Kansas City, Mo. The proposed petition has been presented with the application for leave to file.

The facts which constitute the basis for the application and the petition are briefly as follows: On March 8, 1933, Fox Midland Theater Company, which possessed and operated some sixty motion picture theaters in the states of Missouri, Kansas, and Iowa, was adjudged a bankrupt upon its own voluntary petition filed in the Western Division of the Western District of Missouri. Herbert V. Jones was appointed its receiver in bankruptcy, with authority to continue the business. The usual order of reference to the referee in bankruptcy was entered. The referee noticed the first meeting of creditors for April 24,

1933, but continued it until the following day, at which time it was proposed that the election of a trustee in bankruptcy should take place. On April 25th, prior to the meeting of creditors, the petitioners filed with the court a motion to vacate the adjudication in bankruptcy and all proceedings in connection therewith on the ground of fraud, collusion, and lack of jurisdiction. At the creditors' meeting the petitioners advised the referee of the filing of their motion and requested him to defer the election of a trustee and the further administration of the estate until the questions raised by the motion should be determined. This he declined to do, but adjourned the meeting for a few hours to enable the petitioners to apply to the judge for a stay of further proceedings. The petitioners went before Judge Reeves and requested that he order further proceedings stayed pending a determination of their motion. He refused to rule upon this request, but referred the motion to vacate the adjudication to the referee as a special master and also the application of the petitioners for a stay. This left the referee at liberty to proceed with the creditors' meeting and the election of a trustee, but arrangements were finally made to postpone the meeting until May 10, 1933, to afford the petitioners an opportunity to apply to this court for relief.

The motion of the petitioners challenged the jurisdiction of the court of bankruptcy. It was notice to that court that all of the proceedings theretofore had might have to be vacated. Under the circumstances, we think it became the duty of the judge, upon the request of the petitioners, to determine whether the status which existed at the time the motion was filed should remain unchanged until the motion was determined, or whether, for the protection and preservation of the assets and business of the bankrupt, it was necessary that some further steps be taken in the interest of all concerned. The duty of the referee, under the law, was to proceed with the speedy administration of the estate; and the reference to him, as special master, of the motion to vacate and of the request for a stay pending the determination of the motion clothed him with no authority to make any order staying proceedings. The fact that the judge made this special reference was a recognition that the question of jurisdiction and the question of a stay were ultimately for his determination.

It is quite apparent that what Judge Reeves had in mind was that the referee, who

was in the closest contact with this entire matter, would be better able to work out some plan of operation pending the determination of the motion to vacate than the judge, and that he merely overlooked the fact that it was the duty of the judge to give instructions to the referee if the usual course of administration was not to be followed. Even if it were appropriate for us to determine what arrangements should be made with reference to the management and preservation of the property of the bankrupt pending the determination of the motion to vacate the bankruptcy proceedings, there has not been presented to us sufficient information to enable us to do so. It is apparent that the property should not be administered in such a way as to defeat or injuriously affect the rights of the petitioners in case they should ultimately prevail, nor should it be so dealt with as to prejudice the rights of the bankrupt's creditors in case the petitioners should fail to make good their contentions. There would seem to be little conflict of interest so far as the preservation of assets is concerned, and it ought to be possible to make an order with respect to the care of the property which would protect every one interested pending the determination of the question of jurisdiction. It seems clear that the court should proceed no further than is necessary with the administration of the estate in bankruptcy until the question of its jurisdiction is disposed of, since there is nothing to justify a conclusion that the petitioners' motion is frivolous or is interposed in bad faith. We think that the question as to how this estate shall be cared for during the pendency of the motion to vacate the proceedings should be again presented to Judge Reeves upon a formal application by the petitioners for such an order as they consider should be entered. This application should be made immediately, and Judge Reeves can then make such an order as he feels should be made; and, until he makes such order, further proceedings before the referee should be stayed.

Since the application made to this court relates to a refusal of the judge to exercise jurisdiction which it was his duty to exercise, we have no doubt that this court has the right to entertain the application for the writ. See Frankel v. Woodrough (C. C. A.) 7 F. (2d) 796. We are satisfied that Judge Reeves will accept our views and that it will not be necessary that a rule to show cause be issued, but our conclusion is that the petitioners are entitled to file their petition and to have a rule to show cause why the writ prayed for should not issue.